## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In Re: | ) Case No. 04-B-29728-SPS |
| | ) Chapter 7 |
| DIAMOND IMAGE, INC. | ) |
| | ) Hon. Susan Pierson Sonderby |
| Debtor. | ) |
| | ) |
| | ) |

## SECOND AND FINAL APPLICATION OF SEYFARTH, SHAW LLP FOR ALLOWANCE OF COMPENSATION AND EXPENSE REIMBURSEMENT AS COUNSEL FOR TRUSTEE

Pursuant to Sections 105(a) and 330 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 through 1330, *as amended* (the "Bankruptcy Code"), Seyfarth Shaw LLP ("Seyfarth"), as general counsel to Gus A. Paloian, not individually or personally, but solely in his capacity as the duly-appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above captioned debtor (the "Debtor"), hereby submits its Second and Final Application for Compensation and Reimbursement of Expenses (the "Application") for legal services performed and expenses incurred as general counsel to the Trustee during the period commencing on March 1, 2005 through the close of this case (the "Application Period"), and for other related relief.   In support of this Application, Seyfarth respectfully represents, as follows:

## INTRODUCTION

1.     Seyfarth makes this Application pursuant to:  (A) Sections 105(a) and 330 of the Bankruptcy Code;  (B) Rule 2016 of the Federal Rules of Bankruptcy Procedure (singularly, a "Rule";  collectively, the "Rules");  (C)  certain applicable provisions of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. § 330, adopted by the Office of the United States Trustee (the "Guidelines");  (D) Rule

5082-1 of the Local Bankruptcy Rules (the "Local Rules") for the United States Bankruptcy

Court for the Northern District of Illinois (the "Court");  (E) that certain Order authorizing and

approving the employment of Seyfarth as the Trustee's general counsel;  and (F) other

applicable case law (collectively, the "Authorities for Relief").  In this regard, Seyfarth has

made every reasonable effort to comply with the Authorities for Relief.

2.    In making this Application, Seyfarth respectfully seeks an Order of this Court

awarding and directing payment from the Estate of (i) allowance of compensation in the

amount of $11,585.50 (the "Fees") for professional services rendered by Seyfarth on behalf of

the Trustee during the Application Period, and (ii) reimbursement of actual and necessary

expenses in the amount of $98.47 (the "Expenses") incurred by Seyfarth in connection with

rendering such professional services to the Trustee in the above-captioned case (the "Case").

## JURISDICTION

3.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334.

4.    This matter is before the Court pursuant to 28 U.S.C. § 157 and Internal

Operating Procedure 15(a) of the United States District Court for the Northern District of

Illinois.

5.    Venue of the Case and this Application is proper in this District pursuant to 28

U.S.C. §§ 1408 and 1409.

6.    Consideration of this Application is a core proceeding pursuant to 28 U.S.C. §

157(b)(1)(A), (M), and/or (O).

7.    The predicates for the relief requested herein are 11 U.S.C. §§ 105(a) and 330, as supported by Rules 2002(a)(6), 2016(a), and 9034(e), and Local Rule 5082-1.

## FACTUAL AND PROCEDURAL BACKGROUND

8.    On August 11, 2004 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

9.    On October 28, 2004 , the Court entered that certain Order converting the Case to one under Chapter 7.

10.    On November 1, 2004, Gus A. Paloian was appointed to serve as Trustee of the Debtor's Estate and is duly-authorized and acting as such.

11.    On January 4, 2005, the Court entered the Employment Order, authorizing and approving Seyfarth's retention by the Trustee, retroactive to November 1, 2004.  (A copy of the Order of employment is attached hereto as **Exhibit 1**.)

## SUMMARY OF SERVICES RENDERED
## BY SEYFARTH TO THE TRUSTEE

12.    This is Seyfarth's Second and Final Application for Compensation and Reimbursement of Expenses.  In this Application, Seyfarth seeks the allowance of $11,585.50 in compensation for reasonable and necessary services rendered on behalf of the Trustee and $98.47 in expense reimbursement for actual out-of-pocket expenditures made during the Application Period.

13.    During the Application Period, Seyfarth attorneys have rendered 46.30 hours of professional services on behalf of the Trustee.  All of the Fees for which Seyfarth requests allowance and payment of compensation relate to the Application Period.  In an effort to assist

CH2 20197915.1

in evaluating this Application, Seyfarth has characterized its services into the following four (4) separate subject matters. All of these services are individually identified in chronological order and by subject matter in **Exhibit 2**.

## A.    Case Administration

Category A contains time expended by Seyfarth during the Application Period for legal services rendered in connection with review and analysis of case information; conferences regarding, analysis of and objection to defendant's counsel's fee application; and preparation of the motion to retain an estate tax accountant.

During the Application Period, Seyfarth expended 17.60 hours and incurred fees in the amount of $4,673.50 in connection with these services.

## B.    Claims Administration and Analysis

Category B contains time expended by Seyfarth during the Application Period for legal services rendered in connection with the review, analysis and resolution of claims objections.

During the Application Period, Seyfarth expended 12.20 hours and incurred fees in the amount of $3,045.00 in connection with these services.

## C.    Court Appearances

Category C contains time expended by Seyfarth during the Application Period for legal services rendered in connection with appearances at Court hearings.

During the Application Period, Seyfarth expended 5.60 hours and incurred fees in the amount of $1,564.50 in connection with these services.

## D.    Fee Applications

Category D contains time expended by Seyfarth during the Application Period for legal services rendered in connection with the preparation of Seyfarth's First Interim and Second and

Final Fee Applications, the preparation of the Trustee's First and Final Fee Application and the

preparation of the Final Fee Application of the Trustee's Accountants.

During the Application Period, Seyfarth expended 10.90 hours and incurred fees in the

amount of $2,302.50 in connection with these services.

14.    The Fees requested by Seyfarth for legal services rendered to the Trustee during

the Application Period aggregate $11,585.50.  A breakdown of this amount by each Seyfarth

professional; each such professional's title, hourly rate, and total hours expended in providing

legal services; and the value attributable to such legal services is, as follows:

| PROFESSIONAL | TITLE | 2005 HOURLY RATE | 2006 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|---|
| Gus A. Paloian | Partner | $410.00 | N/A | 2.60 | $1,066.00 |
| William J. Factor | Partner | $360.00 | N/A | 1.00 | $360.00 |
| Charles S. Riecke | Associate | $275.00 | $300.00 | 28.10 | $7,767.50 |
| Jennifer M. McManus | Paralegal | $165.00 | $180.00 | 13.90 | $2,332.50 |
| N. Rice | Case Assistant | N/A | $85.00 | .70 | $59.50 |
| TOTAL | | | | 46.30 | $11,585.50 |

This table indicates the respective hourly rates of Seyfarth professionals during the Application

Period as adjusted from time to time by Seyfarth pursuant to its normal and customary billing

practices.

15.    During the Application Period, Seyfarth made every reasonable effort to have the

services that it rendered to the Trustee performed by those qualified professionals charging the

lowest hourly rates consistent with the level of service, experience, and efficiency required of a given task.

16.     All of the Fees for which Seyfarth requests allowance were rendered and/or incurred in connection with the Case and in the discharge of Seyfarth's professional responsibilities as general counsel to the Trustee.

17.     Seyfarth respectfully submits that its services to the Trustee during the Application Period have, in all respects, been reasonable, necessary, and beneficial to the Estate, as further discussed herein.

## REASONABLENESS OF COMPENSATION REQUESTED

18.     In accordance with 11 U.S.C. § 330(a)(1), Seyfarth seeks reasonable compensation for actual and necessary services provided to the Trustee. Such compensation is fair based upon the time, nature, extent and value of such services and the hours expended and the expertise provided. Seyfarth's efforts have resulted in tangible and substantial benefit to the Estate, as discussed *supra*.

19.     Seyfarth has kept its time in tenths of an hour, or six minute increments, to most accurately reflect the specific tasks performed.

20.     Seyfarth has, to the best of its ability, kept to a minimum the amount of time spent by its attorneys engaging in intra-office conferences and double-staffing hearings or depositions.

21.     Under the circumstances, the compensation requested by Seyfarth is fair and reasonable, and its allowance and payment, in full, is justified.

## COSTS FOR WHICH REIMBURSEMENT IS REQUESTED

22.     From March 1, 2005 through the close of this case, Seyfarth incurred expenses

aggregating $98.47.  All of these expenses are the actual and necessary expenses incurred by

Seyfarth during the Application Period and in connection with representation of the Trustee in

these consolidated bankruptcy cases.

23.     Seyfarth Shaw has not requested reimbursement for facsimile charges, routine

postage or secretarial overtime, as these charges are included in Seyfarth's hourly rates as part of

its overhead.

24.     Annexed hereto as **Exhibit 3** is an itemized statement of expenses.  Exhibit 3 sets

forth the date, type, amount and brief description of the expenses incurred.  The expenses consist

of (1) messenger services, (2) copy charges at .10¢ per page and (3) one on-line research charge.

## STATEMENT OF APPLICANT PURSUANT
## TO 11 U.S.C. § 504 AND FED R. BANKR. P. 2016

26.     Other than as provided in 11 U.S.C. § 504(b), Seyfarth has not shared or agreed to

share any compensation or reimbursement received as a result of this case with any person, firm

or entity.  No agreement or understanding exists between Seyfarth and any other person, firm or

entity concerning the sharing of compensation or expense reimbursement received, or to be

received, on account of this case.

## FINAL ALLOWANCE

27.     Seyfarth previously has filed three applications for and been awarded interim

compensation and expense reimbursement in this case (collectively, the "Interim Applications")

as follows:

CH2 20197915.1

| Prior Application | Period Covered | Total Requested (Fees & Expenses) | Total Allowed |
|---|---|---|---|
| 1st Fee Application | 11/01/04-02/28/05 | $11,143.20 | $10,112.70 |

28.    Seyfarth respectfully seeks an Order of this Court awarding and allowing that interim compensation and expense reimbursement previously allowed and paid to Seyfarth be awarded and deemed as final compensation and expense reimbursement in these cases.

## RELIEF REQUESTED

WHEREFORE, Seyfarth requests the entry of an Order:

A.    Allowing Seyfarth final compensation in the total amount of $11,585.50;

B.    Allowing Seyfarth final expense reimbursement in the amount of $98.47;

C.    Authorizing the Trustee to pay to Seyfarth the amount of $11,585.50 in compensation and $98.47 in expense reimbursement as part of his final distribution in this case;

D.    Ordering all amounts previously paid to Seyfarth as interim compensation and expense reimbursement be deemed final; and

E.    Granting such other and further relief as this Court deems proper.

Dated: January 30, 2007            Respectfully submitted,

GUS A. PALOIAN, not individually, but solely in his capacity as Trustee for the Chapter 7 Bankruptcy Estate of Diamond Image, Inc.


By: /s/ Gus A. Paloian
    Gus A. Paloian, Esq.
    SEYFARTH SHAW LLP
    Suite 2400
    131 South Dearborn Street
    Chicago, Illinois  60603
    Phone:  (312) 460-5000
    Facsimile:  (312) 460-7000

CH2 20197915.1

**EXHIBIT 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 04-29728 SPS |
| | ) Chapter 7 |
| DIAMOND IMAGE, INC., | ) |
| | ) Hon. Susan Pierson Sonderby |
| Debtor. | ) |
| | ) |

### ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF SEYFARTH SHAW LLP AS COUNSEL TO CHAPTER 7 TRUSTEE GUS A. PALOIAN RETROACTIVE TO NOVEMBER 1, 2004

Upon the Application (the "Application") of Chapter 7 Trustee Gus A. Paloian (the "Trustee") to Retain and Employ Seyfarth Shaw LLP ("Seyfarth") as His Counsel Retroactive to November 1, 2004; and upon the Declaration of William J. Factor (the "Factor Declaration"); due and adequate notice of the Application having been provided and no other or further notice being required; the Court being satisfied based on the representations made in the Application and the Factor Declaration that Seyfarth is disinterested and does not represent any interest adverse to the above-captioned Debtor's bankruptcy estate (the "Estate"); the Court finding that its authorization of the Trustee to act as attorney for the Estate is in the best interest of the Estate; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Application is granted; and it is further

ORDERED that, in accordance with 11 U.S.C. §§ 105(a), 327(a) and (d), and 328(a), the retention and employment of Seyfarth as the Trustee's counsel is authorized and approved on the terms and conditions stated in the Application and the Factor Declaration, effective as of November 1, 2004.

Dated: January 4, 2005

HONORABLE SUSAN PIERSON SONDERBY
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 2**

## CASE ADMINISTRATION

| | | | | |
|---|---|---|---|---|
| 03/14/05 | J. McManus | 0.20 | 33.00 | Assemble fee information for C. Riecke regarding 3/16 hearing on debtor's counsel's fee application. |
| 03/16/05 | C. Riecke | 0.10 | 27.50 | Telephone conference with M. Stein regarding fee application. |
| 03/22/05 | C. Riecke | 0.50 | 137.50 | Multiple office conferences with G. Paloian regarding fee application (.20); several CM/ECF search concerning same (.10); document review relative to same (.20). |
| 03/23/05 | G. Paloian | 0.40 | 164.00 | Conference with C. Riecke regarding objections to Debtor's counsel's fee application. |
| 03/29/05 | C. Riecke | 3.90 | 1,072.50 | Prepare objection to Arnstein fee application (3.70); Lexis research regarding same (.20). |
| 03/30/05 | C. Riecke | 0.50 | 137.50 | Prepare objection to fee application (.40); Lexis research regarding same (.10). |
| 03/30/05 | J. McManus | 1.00 | 165.00 | Assist C. Riecke with objection to Debtor's counsel's fees. |
| 04/04/05 | G. Paloian | 0.30 | 123.00 | Review objection to fee request. |
| 04/08/05 | C. Riecke | 0.10 | 27.50 | Telephone conference with Barry Chatz and office conference with G. Paloian regarding fee objection. |
| 04/13/05 | G. Paloian | 0.30 | 123.00 | Review e-mail regarding professional fee reduction. |
| 04/13/05 | C. Riecke | 0.30 | 82.50 | Telephone conference with B. Chatz and M. Stein regarding Trustee's objection (.10); follow-up correspondence concerning same (.20). |
| 05/04/05 | G. Paloian | 0.20 | 82.00 | Conference with C. Riecke regarding case status. |
| 05/10/05 | C. Riecke | 0.90 | 247.50 | Prepare for hearing on fee application (.10); office conference with J. McManus regarding same (.20); to/attend/from hearing on same (.60). |
| 06/13/05 | C. Riecke | 0.10 | 27.50 | CM/ECF search regarding any filed objection to fee application - none served to date. |
| 06/16/05 | C. Riecke | 1.50 | 412.50 | Office conference with G. Paloian regarding fee objection (.30); review/analyze same (.10); prepare reply (.20); prepare Rule 9011 letter (.90). |
| 06/17/05 | C. Riecke | 1.50 | 412.50 | Several office conferences with N. Rice regarding case file (.10); prepare Reply to Banco Popular Objection to Fee Application (1.30); office conference with G. Paloian concerning same (.10). |
| 06/17/05 | G. Paloian | 0.20 | 82.00 | Review Objection to fees and reply. |

| | | | | |
|---|---|---|---|---|
| 06/21/05 | C. Riecke | 1.80 | 495.00 | Prepare 9011 letter to Banco (1.70); prepare cover letter to Judge Sonderby enclosing response to objection to fee applicaton (.10). |
| 06/29/05 | J. McManus | 0.20 | 33.00 | Assemble Orders for C. Riecke and forward to Chambers to be entered. |
| 06/29/05 | C. Riecke | 0.20 | 55.00 | Office conference with G. Paloian regarding hearing on fee application and regarding Banco's continued unfounded assertion that its claim is secured. |
| 06/29/05 | G. Paloian | 0.20 | 82.00 | Conference with C. Riecke regarding objection to fees and Banco alleged secured status. |
| 07/05/05 | G. Paloian | 0.20 | 82.00 | Telephone call with counsel for Neal Lehman regarding Subpoena for records. |
| 03/21/06 | J. McManus | 0.40 | 72.00 | Draft retention motion. |
| 03/23/06 | J. McManus | 0.50 | 90.00 | Revise Application to Retain Accountant. |
| 03/28/06 | J. McManus | 0.20 | 36.00 | Telephone conference with L. West regarding retention matters (.10); request conflicts search regarding same (.10). |
| 04/19/06 | C. Riecke | 0.80 | 240.00 | Prepare Lois West/Accountant Application to Retain (.70); check Judge Sonderby's calendar on Bankruptcy Court website regarding same (.10). |
| 04/19/06 | J. McManus | 0.40 | 72.00 | Cause motion to retain to be filed with the Court (.20); oversee service of same (.20). |
| 04/20/06 | N. Rice | 0.70 | 59.50 | Prepare certificate of service for Motion to Retain Accountant (.20); cause same to be filed (.30); oversee service of motion (.20). |
| **TOTAL** | | **17.60** | **$4,673.50** | |

## CLAIMS ADMINISTRATION AND ANALYSIS

| | | | | |
|---|---|---|---|---|
| 05/12/05 | W. Factor | 0.30 | 108.00 | Review materials regarding claim objection. |
| 06/01/05 | G. Paloian | 0.40 | 164.00 | Review claims (.20); analyze claim of Banco Popular (.20). |
| 06/02/05 | J. McManus | 0.40 | 66.00 | Retrieve claims register regarding same (.10); review claims regarding potential objections (20); conference with C. Riecke regarding Banco Popular objection (.10). |
| 06/03/05 | J. McManus | 0.40 | 66.00 | Retrieve and review claims (.30); conference with G. Paloian regarding claims objections (.10). |
| 06/03/05 | J. McManus | 0.60 | 99.00 | Telephone conference with AMEX's counsel regarding four claims filed by AMEX (.20); prepare omnibus claims objection (.40). |
| 06/06/05 | C. Riecke | 0.30 | 82.50 | Office conference with J. McManus regarding Banco Popular claim (.10); begin preparation of letter to Banco Popular regarding costs annotated with claim objection (.20). |
| 06/06/05 | J. McManus | 0.30 | 49.50 | Review file regarding preparation of objection to Banco Popular secured claim (.20); discuss same with C. Riecke (.10). |
| 06/08/05 | J. McManus | 0.50 | 82.50 | Prepare claims objection. |
| 06/09/05 | C. Riecke | 0.20 | 55.00 | Begin preparation of letter to Banco Popular counsel regarding claim objection. |
| 06/20/05 | C. Riecke | 3.20 | 880.00 | Lexis research regarding claim issue (.30); prepare Rule 9011 letter to Banco Popular's counsel (2.90). |
| 06/21/05 | J. McManus | 0.50 | 82.50 | Prepare claims objection. |
| 06/22/05 | C. Riecke | 1.20 | 330.00 | Prepare Rule 9011 letter to Banco's counsel regarding claim of secured status. |
| 06/22/05 | G. Paloian | 0.40 | 164.00 | Review letter and response to Objection. |
| 07/13/05 | C. Riecke | 0.10 | 27.50 | Follow-up telephone conference with Dan Fumagalli regarding R.9011 letter. |
| 07/19/05 | C. Riecke | 0.60 | 165.00 | Office conference with G. Paloian regarding Banco claim (.10); prepare correspondence to Chohak & Tecson concerning same (.50). |
| 08/08/05 | J. McManus | 0.60 | 99.00 | Retrieve new claims register and review same (.30); claims analysis (.30). |
| 08/25/05 | J. McManus | 0.30 | 49.50 | Review claims. |

| | | | | |
|---|---|---|---|---|
| 09/13/05 | C. Riecke | 0.90 | 247.50 | Prepare Stipulation and Agreed Order resolving claim of Banco Popular as unsecured (.60); file review and claims register review regarding same (.20); office conference with G. Paloian regarding same (.10). |
| 09/14/05 | C. Riecke | 0.30 | 82.50 | Office conference with G. Paloian regarding Banco Popular claim resolution (.20); revise agreement regarding same (.10). |
| 09/20/05 | C. Riecke | 0.10 | 27.50 | Revise Agreed Order and Stipulation recharacterizing claim. |
| 10/12/05 | C. Riecke | 0.10 | 27.50 | Execute and submit to Chambers agreed Order resolving claim no. 7 and office conference with G. Paloian regarding same. |
| 12/04/06 | J. McManus | 0.50 | 90.00 | Claims review for case closing. |
| **TOTAL** | | **12.20** | **$3,045.00** | |

CH220197921.1

## COURT APPEARANCES

| 03/23/05 | C. Riecke | 1.30 | 357.50 | To/attend/from Court on objection to fee application (.60); prepare for hearing (.30); Lexis research concerning same (.30); several office conferences with G. Paloian relative to same (.10). |
|----------|-----------|------|--------|------|
| 05/04/05 | C. Riecke | 1.50 | 412.50 | Office conference with G. Paloian regarding hearing (.10); to/attend/from hearing on fee application/objection (1.40). |
| 05/04/05 | J. McManus | 0.30 | 49.50 | Assemble materials for hearing on fee application. |
| 05/10/05 | J. McManus | 0.20 | 33.00 | Revise Proposed Order for C. Riecke for Court Appearance. |
| 05/12/05 | W. Factor | 0.70 | 252.00 | Appear in court regarding same. |
| 06/01/05 | C. Riecke | 0.80 | 220.00 | Prepare for court on hearing on fee application (.30); to/attend/from court concerning same (.40); office conference with G. Paloian relative to same (.10). |
| 05/16/06 | C. Riecke | 0.80 | 240.00 | To/from/attend court on motion to retain accountant (.70); office conference with G. Paloian regarding same (.10). |
| **TOTAL** | | **5.60** | **$1,564.50** | |

**TOTAL FEES**                                                      **$11,585.50**

## FEE APPLICATIONS

| Date | Name | Hours | Amount | Description |
|------|------|------|------|------|
| 03/02/05 | J. McManus | 1.00 | 165.00 | Draft Seyfarth fee application. |
| 03/09/05 | J. McManus | 1.00 | 165.00 | Work on Fee Application. |
| 03/10/05 | J. McManus | 0.50 | 82.50 | Revise Fee Application. |
| 03/16/05 | J. McManus | 0.50 | 82.50 | Prepare fee application. |
| 04/04/05 | J. McManus | 0.20 | 33.00 | Revise fee application. |
| 04/12/05 | J. McManus | 0.50 | 82.50 | Assist C. Riecke in revising fee application. |
| 04/12/05 | C. Riecke | 2.00 | 550.00 | Review and revise draft fee application of (K. Bates) (1.50);  several office conferences with J. McManus regarding same (.40); several office conferences with K. Bates relative to service, filing (.10). |
| 05/12/05 | J. McManus | 0.70 | 115.50 | Prepare Notice of Hearing and Certificate of Service (.50); cause same to be filed with the Court (.20). |
| 05/12/05 | C. Riecke | 0.10 | 27.50 | Office conference with J. McManus regarding regarding re-noticing fee application and supplement to fee application. |
| 05/16/05 | C. Riecke | 0.40 | 110.00 | Prepare supplement to fee application (.30); telephone conference with U. S. Trustee's Office's Gretchen Silver regarding application and relief requested (.10). |
| 05/18/05 | J. McManus | 0.20 | 33.00 | Assemble back-up documentation for C. Riecke for fee application supplement. |
| 05/24/05 | C. Riecke | 0.10 | 27.50 | Office conference with J. McManus regarding supplement. |
| 05/26/05 | C. Riecke | 1.90 | 522.50 | Finalize supplement to fee application (1.30); multiple office conference with J. McManus regarding same (.40); several office conferences with N. Rice relative to notice of filing, certificates of service (.10); several office conferences with G. Paloian in regard to same (.10). |
| 05/26/05 | J. McManus | 0.40 | 66.00 | Assist C. Riecke with Supplement. |
| 05/27/05 | J. McManus | 0.30 | 49.50 | Cause supplement to fee application to be filed electronically with the Court. |
| 11/04/05 | J. McManus | 0.50 | 82.50 | Organize and categorize time entries for final fee application. |
| 12/18/06 | J. McManus | 0.60 | 108.00 | Prepare Final Fee Applications. |
| **TOTAL** | | **10.90** | **$2,302.50** | |

**EXHIBIT 3**

## DISBURSEMENTS

| Date | Disbursements | Value |
|------|---------------|-------|
| 05/13/05 | Online Research - PACER SERVICE CENTER | 1.12 |
| 03/30/05 | Chicago Messenger Service Invoice Number: 224080 Invoice Date:  04/03/2005 K BATES P/U:SEYFARTH SHAW FAIRWTHR & GRLDS 55    E MONROE ST    CHICAGO Del:US TRUSTEES 227    W MONROE ST    CHICAGO | 6.75 |
| 03/30/05 | Chicago Messenger Service Invoice Number: 224080 Invoice Date:  04/03/2005 K BATES Del:ARNSTEIN LEHR 120    S RIVERSIDE PLZ  CHICAGO P/U:SEYFARTH SHAW FAIRWTHR & GRLDS 55    E MONROE ST    CHICAGO | 6.75 |
| 06/28/05 | Chicago Messenger Service Invoice Number: 241802 Invoice Date:  07/03/2005 C  RIECK Del:CHUHAK AND TECSON 30    S WACKER DR    CHICAGO P/U:SEYFARTH SHAW FAIRWTHR & GRLDS 55    E MONROE ST    CHICAGO | 6.75 |
| 03/14/05 | Copying  $.10 per page | 3.80 |
| 04/01/05 | Copying  $.10 per page | 17.30 |
| 04/14/05 | Copying  $.10 per page | 50.80 |
| 05/12/05 | Copying  $.10 per page | 4.80 |
| 06/28/05 | Copying  $.10 per page | 0.40 |

**Total Disbursements**                                                          **$ 98.47**

| **Total Fees** | **Hours** | **Value** |
|---|---|---|
| Fee Applications | 10.90 | $2,302.50 |
| Claims Administration and Analysis | 12.20 | $3,045.00 |
| Objection to Defendant's Counsel's Fee Application | 17.60 | $4,673.50 |
| Court Appearances | 5.60 | $1,564.50 |
| | **46.30** | **$11,585.50** |

**TOTAL FEES AND DISBURSEMENTS**                                         **$11,683.97**

CH220197921.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7<br>Case No. 02-33235-SPS |
| DIAMOND IMAGE, INC. | Honorable Susan Pierson Sonderby |
| Debtor. | |

**ORDER ALLOWING SEYFARTH SHAW LLP FEES AND EXPENSES**

Upon the Second and Final Application (the "Application") of Seyfarth Shaw

("Seyfarth") for Allowance of Compensation as Counsel to Chapter 7 Trustee Gus A. Paloian

("Trustee"); and the Court having jurisdiction to consider the Application and the relief

requested therein pursuant to 28 U.S.C. §§157 and 1334; and consideration of the Application

and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b); and

venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

sufficient notice of the Application having been provided and no other or further notice being

required; and the Court having reviewed the Application and having heard the statement in

support of the relief requested therein at a hearing before the Court (the "Hearing"); and the

Court having determined that the legal and factual bases set forth in the Application and at the

Hearing establish just cause for the relief granted herein; and upon all of the proceedings had

before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted;

IT IS FURTHER ORDERED that Seyfarth is allowed $11,585.50 in final

compensation;.

CH2 20197915.1

IT IS FURTHER ORDERED that Seyfarth is allowed $98.47 in final expense reimbursement;

IT IS FURTHER ORDERED that all amounts previously paid to Seyfarth as interim compensation and expense reimbursement be deemed final; and

IT IS FURTHER ORDERED that the Trustee is authorized and directed to pay Seyfarth the amount of $11,585.50 in compensation and $98.47 in expense reimbursement as part of his final distribution in this case.

Dated: _____, 2007

_____
Honorable Susan Pierson Sonderby
United States Bankruptcy Judge

CH2 20197915.1